REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
353 Sacramento Street, Suite 860
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
JANINA M. ELDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN<br>aka Dennis Yan<br>SS # xxx xx 5968<br><br>Debtor | Case No. 04-33526 TCJE<br><br>Chapter 11<br><br>Date: July 24, 2006<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, 23rd Floor |

**MOTION TO APPROVE PROPOSED COMPROMISE**

TO THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY JUDGE

Comes now, Janina M. Elder, trustee of the above-referenced bankruptcy estate ("Trustee"), and respectfully requests an order approving the Settlement Agreement ("Agreement") with Stella Chen whereby the Trustee will pay to Chen the amount of $818,197.98.75 as payment in full of any and all claim she and her assignors may have against the estate an against the Debtor individually. Notice has been provided to creditors and interested parties pursuant to the " NOTICE OF (1) COMPROMISE AND (2) HEARING ON COMPROMISE filed herewith. In support of the compromise, the Trustee alleges as follows.

1. An Order for relief under Chapter 11 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by the Debtor on December 19, 2004, and Janina M. Elder is the duly appointed, qualified and acting trustee of the Debtor's Chapter 11 estate by order entered on May 12, 2006, and Notice of Appointment dated May 16, 2006.

2. During February, 2002, the Debtor allegedly borrowed the sum of $450,000 from

the uncle of Chen's sister-in-law who assigned the obligation to Chen to collect. To evidence that loan, on November 13, 2002, the Debtor signed and delivered a promissory note in the amount of $450,000 ("Note") and a first priority deed of trust against real property commonly known as 661 Chenery Street, San Francisco, California in favor of Chen, and recorded in San Francisco County on November 15, 2002 ("Deed of Trust"). The Debtor demolished the real property, and built four new units (" Property"), which have been sold, and the proceeds from the sale ("Proceeds") are currently held by the bankruptcy estate.

3. In January, 2005, Chen commenced an adversary proceeding against the Debtor to determine the extent, validity and priority of the Note and Deed of Trust against the Property, which proceeding is entitled <u>Chen v. Yan</u>, AP No. 05-3236 (the "Chen Proceeding"). The Chen Proceeding followed state court litigation between the Debtor and Chen, which had been removed to the Bankruptcy Court and consolidated with the Chen Proceeding. The lawsuit was litigated, and a judgment and amended judgment were entered in favor of Chen in 2006 (the "Judgment");

4. Yan has appealed the Judgment, and the appeal is currently pending in the United States District Court for the Northern District of California, in the consolidated appeal entitled Case No. 3:06-CV-003363-VRW. ("Appeal"). The appeal relates to several adversary proceedings that had been consolidated with the Chen Proceeding and were tried at the same time, but the Trustee's Agreement with Chen does not relate to or affect any of the claims of Wei Suen, and the references in this Motion to the Appeal pertains solely to the appeal of the Chen Proceeding, and does not affect the appeal filed by Wei Suen;

5. The Trustee and Chen have agreed to resolve and compromise all disputes between them relating to the Case and each and every claim set forth in connection with the Chen Proceeding and the Appeal, subject to approval by the United States Bankruptcy Court upon due notice to creditors, and without admission of any material fact or that any claim lacked merit, as more particularly set forth in the Agreement attached as Exhibit "A" to the Declaration of Janina M. Elder ("Elder Declaration") to be filed herewith.

6. By the terms of the Agreement, the Trustee shall pay to Chen the sum of $818,197.98 in a check made payable to William Webb Farrer Trust Account ("Chen Settlement

Payment") and delivered not later than on August 1, 2006, The Trustee is entering into the agreement on her own behalf and as the rightful holder of any and all rights, title and interest of the Debtor with respect tot he facts set forth in the Agreement. In the event that the Chen Settlement Payment has not been received by the end of business on August 1, 2006, the Chen Settlement Payment shall start to accrue interest at $107.64 per day from June 22, 2006, until paid. Furthermore, in the event that the Bankruptcy Court does not approve the Agreement, or the Chen Settlement Payment is not received by August 10, 2006, or the Debtor objects to the compromise, and obtains an order by a court of competent jurisdiction staying the order approving the compromise, the Agreement shall terminate, and the parties to the agreement will revert to their pre-Agreement positions, as more particularly set forth in the Agreement.

7. Upon receipt of the Chen Settlement Payment, the parties to the Agreement release all claims in accordance with the release and waiver set forth in the Agreement, and Chen withdraws all proofs of claim filed in the case by her, and waives any right to any further claim or distribution in the Case, or from the Debtor except as set forth in the Agreement.

8. Upon approval of the Bankruptcy Court of the Agreement, the Trustee and Chen shall execute and file such documents as are necessary to dismiss the Appeal, with prejudice.

9. Based upon the factors set forth in Martin v. Kane, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom.*, Martin v. Robinson, 107 S.Ct. 189 (1986), the Trustee believes that the compromise is fair and reasonable, and in the best interest of the creditors of the estate. The settlement more or less follows the rulings made by the bankruptcy court in the trial held by this Court. The Trustee has reviewed the underlying briefs, the transcripts from the trial and the court's judgment. In reviewing all of this information, and having consulted the standards for appeal, which provide that findings of fact are reversible only for clear error while conclusions of law are reviewed de novo, the Trustee believes that a settlement on the present terms is advisable. The settlement takes into account the Debtor's asserted defenses, and avoids the further legal expense, costs, delays, and uncertainty of litigating. Moreover, as always in litigation, the outcome cannot be predicted, and it is not absolutely certain that if the matters were fully litigated the estate would obtain a better result than the compromise. The Trustee was appointed with a particular request

1 from the Court to seek to settle the dispute. Movant has reviewed the fees and costs incurred by
2 counsel for both sides to date, and has considered the potential costs of an appeal and a re-trial,
3 and has considered in her analysis that Chen has an attorney fee clause in the promissory note,
4 which could, in theory, result in the estate being charged for the fees of the estate's counsel, plus
5 all additional fees that could be charged by Chen's counsel were the judgment to be overturned on
6 appeal, and the case had to be tried again with the outcome being uncertain.

7     10. The appropriateness of a proposed compromise is judged based on "an educated
8 estimate of the complexity, expense and likely duration of such litigation, the possible difficulties
9 of collection on any judgment which might be obtained, and all other factors relevant to a full and
10 fair assessment of the wisdom of the proposed compromise.  Basic to this process, in every
11 instance, of course, is the need to compare the terms of the compromise with the likely rewards of
12 litigation." Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v.
13 Anderson, 390 U.S. 414, 424-425, rehearing denied, 391 U.S. 909 (1968).  These factors have been
14 taken into consideration by the Trustee, who believes that the settlement is in the best interest of
15 the creditors of the estate and the Debtor, see. Elder Declaration

16     11. Movant requests that  the provisions of Rule 7062 of the Federal Rules of
17 Bankruptcy Procedure be waived, making the order approving the compromise effective
18 immediately and allowing the Trustee to make the payment immediately upon the entry of an
19 order approving the Agreement. Should this not occur, the estate will have to pay substantially
20 more in interest.

21     WHEREFORE the Trustee requests that the Agreement be approved, that the provisions of
22 Rule 7062 of the Federal Rules of Bankruptcy Procedure be waived, and that she be authorized to
23 pay the settlement sum forthwith.

24 DATED:  This 26th day of June, 2006.

                        STROMSHEIM & ASSOCIATES

                         /s/   Reidun Strømsheim
                        Attorneys for Trustee,
                        JANINA M. ELDER