REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 250
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
JANINA M. ELDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN<br>aka Dennis Yan<br>SS # xxx xx 5968<br><br>Debtor | Case No. 04-33526 TCJE<br><br>Chapter 11<br><br>Date: September 15, 2006<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, 23rd Floor<br>San Francisco, CA |

## MOTION TO CONVERT CASE TO CHAPTER 7

TO THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY JUDGE

Comes now, Janina M. Elder, trustee of the above-referenced bankruptcy estate ("Trustee"), and respectfully makes the following report under 11 U.S.C. § 1106, combined with this motion for an order converting the case to a case under Chapter 7. In support of the compromise, the Trustee alleges as follows.

1. An Order for relief under Chapter 11 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by the Debtor on December 19, 2004, and Janina M. Elder ("Trustee") is the duly appointed, qualified and acting trustee of the Debtor's Chapter 11 estate by order entered on May 12, 2006, and Notice of Appointment dated May 16, 2006.

2. During the Chapter 11, the major asset of the estate, a condominium complex was sold, and the Trustee is currently holding substantial funds from the sale.

3. The United States Trustee filed a motion to convert the case to Chapter 7 on or about February 1, 2005.

4. In response to the motion, the Court appointed the Chapter 11 trustee, to review the case and take such action as is necessary, including resolving the disputes over the claims against the estate.

5. The Trustee has already settled one of the claims, that of Stella Chen, and has recently received a settlement offer from Wei Suen, which is being analyzed, and a counter-offer will be prepared.

6. The estate has two other pieces of property, an apartment building in San Francisco, and a condominium in Hong Kong. The Trustee does not know at the moment whether it will be necessary to sell either or both of these assets. See Declaration of Janina M. Elder ("Elder Declaration"), filed herewith.

7. The remaining services to be rendered in this case is the liquidation of the remaining claims against the estate, and upon a reasonable estimation of the remaining claims the Trustee must determine whether it will be necessary to sell more assets. See Elder Declaration.

8. The Chapter 7 estate will be able to perform the same liquidation of the claims and sale of assets (if necessary), without the need to incur the additional costs of the operation inherent in a Chapter 11 case. See Elder Declaration..

9. 11 U.S.C. § 1112 (b) permits a party in interest to convert a case to Chapter 7 for "cause", which includes continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation, inability to effectuate a plan, or unreasonable delay by the debtor that is prejudicial to creditors. §1112(b)(1)-(3). In addition, the court has discretion to consider other facts which may constitute "cause" See <u>In re Gonic Realty Trust</u>, 909 F.2d 624, 626 (1st Cir. 1990).

11. § 1106 directs a Chapter 11 trustee, as soon as practicable, to file a plan of reorganization, or recommend that the case be converted to Chapter 7.

10. The Trustee believes that a conversion to Chapter 7 will be in the best interest of the creditors of the estate. In a continued Chapter 11 the Trustee must prepare and file operating

reports, and she must prepare and obtain approval of a disclosure statement and plan of reorganization, which will take substantial time, with a corresponding cost. The Debtor is an employee of a company, and there is thus no business to be re-organized in the Chapter 11. See Elder Declaration.

      WHEREFORE the Trustee requests that an order be entered converting the above Chapter 11 case to a case under Chapter 7.

      DATED: This 23rd day of August, 2006.

                               STROMSHEIM & ASSOCIATES

                                 /s/ Reidun Strømsheim
                               Attorneys for Trustee,
                               JANINA M. ELDER