

**Signed and Filed: January 31, 2008**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DEMAS WAI YAN,<br>aka DENNIS YAN,<br><br><br><br><br><br>Debtor. | Case No: 04-33526 TEC<br><br>Chapter 7<br><br>Date: November 2, 2007<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>235 Pine Street<br>San Francisco, CA |

**MEMORANDUM RE TRUSTEE'S ORAL MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), AMENDED CLAIM NO. 9 OF TONY FU**

The court held a hearing at the above date and time on the trustee's objection to amended claim no. 9 of Tony Fu. At the hearing, the trustee orally moved to dismiss Fu's amended claim for failure to state a claim upon which relief can be granted. Joanne LaFreniere appeared for the chapter 7 trustee. Tony Fu (aka Dong Fu) appeared in pro per.

Upon due consideration, the court determines that the trustee's oral motion should be granted in part and denied in part.

**FACTS**

On April 20, 2005, Fu filed a general unsecured claim in the amount of $60,000 based on "breach of contract/good faith" (Claim No. 9). Claim No. 9 provides no additional detail other than that the debt was incurred on August 8, 2003.

On March 29, 2006, Fu filed another general unsecured claim in the amount of $3,000,000 based on "fraud, breach of contract, etc." (Claim No. 10). Claim No. 10 provides no additional detail other than that the debt was incurred in February 2004.

On October 19, 2006, Fu filed a third general unsecured claim in the amount of $3,000,000 based on "fraud" and "breach of good faith". (Claim No. 15). Claim No. 15 provides no additional details.

None of the claims filed by Fu specify the date the contracts at issue were entered into or the subject matter of the contracts.

On July 5, 2007, the court entered an order denying the three Fu claims to the extent they relate to the Chenery Street partnership agreement, because they are based on contracts Fu assigned to a third party. The order granted Fu leave to file an amended proof of claim to set forth any prepetition claims against Debtor not related to the assigned contracts.

On July 31, 2007, Fu filed an amended general unsecured claim. The amended claim has four parts: (1) $36,000 for proceeds allegedly earned by Fu from his partnership with Yan to develop and sell real property located at 192 Majestic, San Francisco; this aspect of the claim has no detail regarding when the alleged partnership was entered into and whether there is a written

-2-

contract related to the partnership; (2) $335 "plus other costs the Court would consider at trial" related to costs Fu incurred to file an answer and cross-complaint in Superior Court Case No. CGC-06-448895, filed by Yan on January 26, 2006; (3) $453.56 "plus other sums as are proven at trial" relating to Sierra Point Lumber invoices for products allegedly provided for Yan's sole benefit and for which Fu has been determined by this court to be liable; and (4) $1 "plus additional sums" for Yan's alleged slander of Fu relating to statements made to the press in connection with Fu's complaints to the FBI and District Attorney regarding San Francisco Department of Building Inspection Officials. Fu does not identify with specificity the allegedly slanderous and defamatory statements, such as when the statements were made, what the statements were, or how they damaged Fu.

This case was converted from chapter 11 to chapter 7 on September 15, 2006. The claims bar date in the chapter 7 case was April 24, 2007.

**DISCUSSION**

A creditor can amend his claim after the bar date. <u>Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)</u>, 754 F.2d 811, 816-17 (9th Cir. 1985). Absent prejudice, the court should freely allow amendments that relate back to the filing of the original claim to cure a defect or to describe the claim with greater particularity. <u>Id.</u> An amendment relates back to the original when it arises out of the same conduct, transaction, or occurrence. <u>State Bd. of Equalization v. Ulrich (In re Solari)</u>, 63 B.R. 115, 117 (9th Cir. BAP 1986). If a late-filed claim does not

-3-

Case: 04-33526    Doc# 288    Filed: 01/31/08    Entered: 01/31/08 14:59:09    Page 3 of 6


contract related to the partnership; (2) $335 "plus other costs the Court would consider at trial" related to costs Fu incurred to file an answer and cross-complaint in Superior Court Case No. CGC-06-448895, filed by Yan on January 26, 2006; (3) $453.56 "plus other sums as are proven at trial" relating to Sierra Point Lumber invoices for products allegedly provided for Yan's sole benefit and for which Fu has been determined by this court to be liable; and (4) $1 "plus additional sums" for Yan's alleged slander of Fu relating to statements made to the press in connection with Fu's complaints to the FBI and District Attorney regarding San Francisco Department of Building Inspection Officials. Fu does not identify with specificity the allegedly slanderous and defamatory statements, such as when the statements were made, what the statements were, or how they damaged Fu.

This case was converted from chapter 11 to chapter 7 on September 15, 2006. The claims bar date in the chapter 7 case was April 24, 2007.

**DISCUSSION**

A creditor can amend his claim after the bar date. <u>Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)</u>, 754 F.2d 811, 816-17 (9th Cir. 1985). Absent prejudice, the court should freely allow amendments that relate back to the filing of the original claim to cure a defect or to describe the claim with greater particularity. <u>Id.</u> An amendment relates back to the original when it arises out of the same conduct, transaction, or occurrence. <u>State Bd. of Equalization v. Ulrich (In re Solari)</u>, 63 B.R. 115, 117 (9th Cir. BAP 1986). If a late-filed claim does not

relate back to the original proof of claim, it is subordinated to the timely-filed claims.  11 U.S.C. § 726(a)(3).

    1.   <u>Costs related to State Case</u>

Fu's claim for costs related to Superior Court Case No. CGC-06-448895[1] (State Case) fails to state a claim upon which relief can be granted because Yan's conduct in filing the lawsuit was privileged, and there is nothing in the record to suggest that Fu has prevailed on an action for malicious prosecution (in which case the litigation privilege would not apply).  Cal. Civ. Code §47(b) (litigation privilege); <u>Pacific Gas & Electric. Co. v. Bear Stearns & Co.</u>, 50 Cal. 3d 1118 (1990).  Accordingly, this claim should be dismissed.

    2,   <u>Slander claim</u>

Fu's slander claim does not state a claim upon which relief can be granted because it does not identify the substance of the words that Yan allegedly spoke or wrote to the press, the time and place of their utterance, or how the false statements injured Fu.  <u>See</u> Cal. Civ. Code § 46; Witkin, Cal. Proc. (4th Ed.), 5 Pleading, § 695 (1997).  Accordingly, this claim should be dismissed.

    3.   <u>Claims re Majestic Street and Sierra Point Lumber invoices</u>

Fu's claims relating to the Majestic Street property and the Sierra Point Lumber invoices state claims upon which relief may be granted because if the facts alleged in the amended claim are true, Yan would be liable to Fu for the $36,000 allegedly promised to Fu

---

[1] This claim is deemed to have arisen prepetition.  <u>See</u> 11 U.S.C. § 548(d).

-4-

under the Majestic partnership agreement, and for the $453.56 for Sierra Point Lumber product Fu allegedly paid for Yan's sole benefit. The question then, is whether these late-filed claims relate back to Fu's first three claims for breach of contract and breach of the covenant of good faith and fair dealing. The court cannot make this determination, however, on the record before it, because Fu has not yet provided any details regarding the partnership agreements underlying these claims, such as when and where they were entered into, their subject matter, and the signatories to the agreements. Nor has Fu provided copies of the written partnership agreements, if any. In order to avoid dismissal of these claims, Fu must provide sufficient detail about the partnership agreements and copies of such agreements (if they in writing), so that the court can determine whether these aspects of Fu's late-filed claim relate back to Fu's timely-filed claims.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | Demas Wai Yan |
| | 1433 7th Avenue |
| 3 | San Francisco, CA 94122 |
| 4 | Joanne M. LaFreniere, Esq. |
| | Stromsheim & Associates |
| 5 | 201 California Street, Ste. 350 |
| | San Francisco, CA 94111 |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |