REIDUN STRØMSHEIM # 104938
JOANNE LAFRENIERE # 158011
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
jlafreniere@stromsheim.com

Attorneys for Trustee,
JANINA M. ELDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

DEMAS WAI YAN
aka Dennis Yan
SS # xxx xx 5968

    Debtor

Case No. 04-33526 TCJE

Chapter 7

*Tentative* Hearing Date: January 8, 2010
Time: 9:30 a.m.

## OBJECTION TO CLAIM NO. 25; AND
## NOTICE OF OPPORTUNITY TO REQUEST A HEARING

TO THAI MING CHIU:

    NOTICE IS HEREBY GIVEN that Janina M. Elder, trustee of the above-referenced estate ("Trustee"), objects to the claim filed by Thai Ming Chiu ("Claimant") on October 23, 2009, Claim No. 25, in the amount of $180,000 (the "Claim"), Exhibit "A" hereto.

    Based on the information contained in the Schedules and Statement of Financial Affairs of the debtor, Demas Wai Yan ("Debtor") filed herein, the Claimant is a relative of the Debtor's. Debtor's sister and brother in law were listed with the same last name and address as the Claimant; see question no. 3.b in the Statement of Financial Affairs, stating that $244,779 was owed to Simon and Benita Chiu, at the same address as the Claimant; thus Trustee believes that Claimant is Simon or Benita Chiu. The Trustee objects to the Claim on the grounds that the Claimant, despite notice of the bankruptcy case, did not file a timely claim. Claimant is deemed to have received the notices issued in this case, including the claims deadline (which was April 24,

2007 - see Docket No. 191) and the notice of final account, wherein no distribution to Claimant was contemplated. Nevertheless, the Claimant did not file a claim, nor object to the final account, until seven months after the final account was approved on March 18, 2009 (Docket No. 371).

The Trustee further objects to the Claim on the grounds that it states that it is for personal loans to the Debtor, but the Claimant has attached no documentation of the loans as instructed in the Proof of Claim form.

## NOTICE OF OPPORTUNITY TO OBJECT OR REQUEST A HEARING

**The procedure for an objection to claim is governed by B.L.R. 9014-1. Pursuant to B.L.R. 9014-1, the Trustee may request an order disallowing the above-referenced claim without a hearing unless within the twenty-one (21) days after the date of this notice, the Claimant files with the court and serves a copy on counsel for the trustee at the address set forth above, a written request for hearing or an objection to the requested relief, accompanied by a declaration or memorandum of law in support of the Claimant's position.**

In the event the Claimant timely files and serves a request for hearing or an objection, the trustee will give the objecting party at least seven (7) days written notice that the tentative hearing date of January 8, 2010 at 9:30 a.m. will be an actual hearing. Please note that pursuant to B.L.R. 3007-1, if a hearing on the objection to claim is held, where a factual dispute is involved, the initial hearing will be deemed a status conference, at which the court will not receive evidence. Where the objection involves only a matter of law, the matter may be argued at the initial hearing.

**IF NO REQUEST FOR A HEARING OR OBJECTION TO THE PROPOSED RELIEF IS TIMELY FILED AND SERVED, THE COURT MAY ENTER AN ORDER GRANTING THE REQUESTED RELIEF BY DEFAULT.**

WHEREFORE, the Trustee respectfully requests that the claim of Thai Ming Chiu be disallowed in its entirety.

DATED: This 1st day of December, 2009.

STROMSHEIM & ASSOCIATES

\_\_\_/s/ Joanne LaFreniere_____
Counsel for JANINA M. ELDER, TRUSTEE