REIDUN STRØMSHEIM # 104938
JOANNE LAFRENIERE # 158011
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
jlafreniere@stromsheim.com

Attorneys for Trustee,
JANINA M. ELDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 04-33526 TCJE |
|---|---|
| DEMAS WAI YAN<br>aka Dennis Yan<br>SS # xxx xx 5968<br><br>Debtor | Chapter 7<br><br>Date: April 16, 2010<br>Time: 10:30 a.m.<br>Place: 235 Pine Street, 23rd Floor<br>San Francisco, CA |

**TRUSTEE'S RESPONSE TO THE
MOTION TO RECONSIDER ORDER DISALLOWING CLAIM NO. 25**

TO THAI MING CHIU:

The Trustee responds to the Motion to Reconsider filed herein by Thai Ming Chiu ("Chiu"), on March 8, 2010 (Docket No. 415). On March 2, 2010, this Court entered an Order (Docket No. 411) disallowing Claim No. 25 filed herein by Chiu.

11 U.S.C. 502(j) provides that a "claim that has been allowed or disallowed may be reconsidered for cause." Under these circumstances, "cause" is interpreted to be subject to the standards of Rule 9023, Federal Rules of Bankruptcy Procedure ("FRBP"), pursuant to which a motion for reconsideration is intended to allow for the correction of manifest errors of fact or law or for the presentation of newly discovered evidence.

Chiu has not argued any legal basis for the relief sought in the motion under the FRBP, the Bankruptcy Code, nor under any relevant case law, nor has he presented newly discovered

evidence.

Instead, he seems to argue that he was excused from having to respond to the objection. This position is not supported by the facts, which are as follows:

1. Claim No. 25 was filed by Thai Ming Chiu on October 23, 2009 in the amount of $180,000, many months after the approval of the Trustee's Final Account, and 2 ½ years after the claims deadline, which was April 24, 2007.

2. On December 1, 2009, the Trustee filed an objection to the late-filed claim. See Docket No. 389. Opposition thus was due within 21 days, by December 22, 2009, and notice of a tentative hearing was provided (which under the BLR would only be held on that particular date if a request for hearing was filed; instead events proceeded as discussed below).

3. On December 9, 2009, Demas Yan, the Debtor ("Debtor" or "Yan") contacted the Trustee, purportedly on behalf of Chiu, and other late-filed claimants.

4. On December 9, Trustee's counsel responded to Debtor that the Trustee wished to review the documents that Debtor indicated he had obtained in support of the claims.

5. On December 14, 2009, Trustee's counsel met with Yan, who insisted on hand-delivering some documents. Counsel told Yan that the documents would be reviewed, and offered no opinion at the time on whether the documents were sufficient to prove the claim.

6. On December 17, 2009, Trustee's counsel sent an email to Yan, asking if Yan was able to provide notice to the late-filing claimants that they would have an extension of time until January 29, 2010 to respond to the objections to their claims. Yan responded promptly that he would so advise the claimants. See Exhibit A to the Declaration of Joanne LaFreniere filed herewith. *Therefore, as of December 17, 2009, the claimants, including Chiu, and Yan, to the extent he was in contact with the claimant, were all on notice that the Trustee required more information in response to their claims.* No response was filed by Chiu on or before January 29, 2010.

7. Then, on February 12, 2010, the Trustee served the Notice of Hearing on Chiu, advising that a hearing on the Objection to Claim was to be held on February 26, 2010. See Docket No. 402.

1   Therefore, if providing the extension of time for a response did not already make clear that the objection required further response, then certainly upon the serving of the Notice of Hearing, Mr. Chiu could no longer have reasonably believed that he did not need to do anything further with regard to the objection to his claim.

Nevertheless, Mr. Chiu did not attend the hearing on February 26, 2010. Mr. Yan, the Debtor, attended the hearing, and stated that Chiu is a relative of the Debtor's and that Chiu (and the other relatives filing late-filed claims) were not represented by counsel (the Debtor added that he, the Debtor, would "step in" as their counsel if necessary, though he did not think this was necessary). The Court considered the claim, and sustained the Trustee's objection for the reasons set forth on the record.

Mr. Chiu therefore has not demonstrated that there was any manifest error of fact or law, and there certainly was no newly-discovered evidence. Without a legal or factual basis for the relief sought, Mr. Chiu's Motion for Reconsideration of the disallowance of his claim must be denied.

DATED: This 2nd day of April, 2010.

STROMSHEIM & ASSOCIATES

/s/ Joanne LaFreniere
Counsel for JANINA M. ELDER, TRUSTEE