REIDUN STRØMSHEIM # 104938
JOANNE LAFRENIERE # 158011
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
jlafreniere@stromsheim.com

Attorneys for Trustee,
JANINA M. ELDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 04-33526 TCJE |
|---|---|
| DEMAS WAI YAN<br>aka Dennis Yan<br>SS # xxx xx 5968<br><br>Debtor | Chapter 7<br><br>Hearing: May 10, 2010<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, 23rd Floor<br>San Francisco, CA |

**OBJECTION TO CLAIM NO. 26; AND NOTICE OF HEARING**

TO CHEUK TIN YAN:

NOTICE IS HEREBY GIVEN that Janina M. Elder, trustee of the above-referenced estate ("Trustee"), objects to the claim filed by Cheuk Tin Yan ("Claimant") on March 8, 2010, Claim No. 26, in the amount of $194,000 (the "Claim"), the first page of which is attached as Exhibit "A" hereto.

**NOTICE OF HEARING**

NOTICE IS HEREBY GIVEN that a hearing will be held with respect to the Trustee's objection on May 10, 2010, at 9:30 a.m. at the United States Bankruptcy Court, 235 Pine Street, 23rd Floor, San Francisco, CA. The Trustee respectfully requests that absent a sufficient response to the objection, the claim of Cheuk Tin Yan be disallowed in its entirety.

OBJECTION TO CLAIM

Based on the information contained in the Schedules and Statement of Financial Affairs of

the debtor, Demas Wai Yan ("Debtor") filed herein, the Claimant is the Debtor's father. Debtor's parents were listed in the Statement of Financial Affairs, question no. 10, as Chiuk Tin Yan and Tina Foon Yu Yan, at the address listed in Claimant's proof of claim. At question no. 3 in the Statement of Financial Affairs, the amount owed to Debtor's parents was listed as $38,000. The Debtor's address of record in the petition is the same as his parent's home.

Thus, Trustee objects to the Claim on the grounds that the Claimant, despite notice of the bankruptcy case, did not file a timely claim. There can be no doubt that Claimant was aware of the bankruptcy case. Besides sharing an address with the Debtor through the many years this case has been pending, the Claimant was sued herein by the Trustee in Adv. Pro. No. 06-3156 to recover a certain real property, and Claimant (and his wife) signed a quitclaim deed to resolve the matter. Claimant is deemed to have received the notices issued in this case, including the claims deadline (which was April 24, 2007 - see Docket No. 191) and the notice of final account, wherein no distribution to him was contemplated. Nevertheless, the Claimant did not object to the final account, nor file a claim until nearly a year after the final account was approved on March 18, 2009 (Docket No. 371), despite ample opportunity to raise the issue if he believed money was owed to him. The Trustee further objects on the basis that the amount claimed by the Claimant is $156,000 more than the $38,000 listed as owed in the Schedules, and the amount of the summary document (total $258,290) attached to the Claim also varies from the amount of the claim. Finally, the Trustee objects on the basis that the claim appears to be based on the same facts as the claim of Claimant's spouse, Tina Yan, which was disallowed by Order entered on March 2, 2010 (Docket No. 409).

Please note that pursuant to B.L.R. 3007-1, at the hearing on the objection to claim, where a factual dispute is involved, the initial hearing will be deemed a status conference, at which the court will not receive evidence. Where the objection involves only a matter of law, the matter may be argued at the initial hearing.

DATED: This 6th day of April, 2010.    STROMSHEIM & ASSOCIATES

/s/ Joanne LaFreniere
Counsel for JANINA M. ELDER, TRUSTEE