

**Signed and Filed: November 17, 2010**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                          )   Case No. 04-33526 TEC
                               )
DEMAS YAN,                     )   Chapter 7
                               )
                               )
                               )
                Debtor.        )
_____)
```

**MEMORANDUM RE LATE-FILED CLAIMS OF THAI MING CHIU AND CHEUK TIN YAN**

This chapter 7 bankruptcy case been pending for nearly six years. The claims bar date expired on January 23, 2007. The final account was approved on March 18, 2009. After two postpetition judgment creditors obtained writs of execution on the estate's $380,000 surplus, two insider creditors with adequate notice of the claims bar date and the final account filed tardy claims in the approximate amount of the surplus. Whether to allow the tardy claims pursuant to 11 U.S.C. § 726(a)(3) is the subject of this memorandum decision.

This memorandum decision shall constitute the court's findings of fact and conclusions of law.

**FACTS**

On December 19, 2004, Debtor filed a chapter 11 bankruptcy petition and schedules. The schedules list an undisputed,

MEMO RE LATE-FILED CLAIMS

-1-

liquidated debt to Debtor's father, Cheuk Yan (Debtor's Father), in the sum of $38,000. Debtor did not schedule any debt owing to Thai Ming Chiu, Benita Chiu, or Simon Chiu. Debtor did, however, list Benita Chiu and Simon Chiu on his Statement of Financial Affairs as "insiders" to whom he made payments in the year prepetition, and to whom he still owed money.

On December 23, 2004, notice of Debtor's bankruptcy case filing was served on all scheduled creditors, including Debtor's Father. This notice was also served on Simon Chiu and Benita Chiu.[1] Thai Ming Chiu lives at the same address as Simon and Benita Chiu.

On February 10, 2005, Charles Li filed a claim in the sum of $221,000 (claim no. 3).

The case was converted to chapter 7 on September 15, 2006. On September 21, 2006, notice of the conversion and of the January 23, 2007 claims bar date was served on all scheduled creditors, including Debtor's Father. This notice was also served on Simon Chiu and Benita Chiu.[2]

On February 9, 2007, Li filed a duplicate claim (claim no. 18) in the sum of $221,000. On August 20, 2007, Li filed a withdrawal of claim numbers 3 and 18.

On February 24, 2009, the chapter 7 trustee filed and served a Notice of Filing of Final Report of Trustee (the Final Account). The notice was served on all scheduled creditors, including Debtor's Father, all creditors who had filed a claim, and on Simon

---

[1] Debtor's Father was served at 1433 7th Avenue, San Francisco, CA 94122. Simon and Benita Chiu were served at 768 38th Avenue, San Francisco, CA 94121. The 38th Avenue address is the same address listed on Thai Ming Chiu's proof of claim.

[2] Notice of the bar date was mailed to the addresses specified in note 1, <u>supra</u>.

**MEMO RE LATE-FILED CLAIMS**

Chiu and Benita Chiu. The Final Account provides for payment in full of all allowed general unsecured claims, which totaled $564,023. The Final Account did not list any proposed payment to Debtor's Father, Simon Chiu, Benita Chiu, or Thai Ming Chiu. The Final Account indicated a surplus of $393,538.71, less a $75,000 reserve requested by the trustee, and less the amount of the writs of execution obtained by postpetition judgment creditors Sierra Point Lumber and Plywood and Sing Tao Newspapers San Francisco Ltd. (collectively, the Judgment Creditors). No opposition to the Final Account was filed, and the court approved the Final Account at a hearing held on March 18, 2009.

On March 23, 2009, the trustee obtained notice that Li intended to reinstate his prior proof of claim.

On April 9, 2009, the court entered an Order Regarding Distribution of Funds Held by Trustee (the Distribution Order). The Distribution Order provides: (a) that the trustee is authorized to make all distributions specified in the Final Account; (b) that if Li re-files the withdrawn proof of claim, and if such claim is allowed, its status will be that of a late claim, subordinated to all timely-filed claims; and (c) that the trustee shall not distribute the surplus funds to Debtor or pay on any levy against those funds, until after a determination is made on the Li claim.

On April 27, 2009, Li re-filed his claim in the sum of $221,000. Debtor objected to the claim on the grounds that it was barred by the doctrine of collateral estoppel, because Li voluntarily dismissed with prejudice a 2004 state-court action concerning the same transaction.

On October 23, 2009, three creditors filed untimely claims totaling $558,665: (1) Debtor's mother, Tina Yan, filed claim no.

**MEMO RE LATE-FILED CLAIMS**

23 in the sum of $338,665; (2) Kaman Liu filed claim no. 24-1 in the sum of $40,000; and (3) Thai Ming Chiu filed claim no. 25 in the sum of $180,000 (collectively the Late-Filed Claims).

The address listed on Thai Ming Chiu's proof of claim is 768 38th Avenue, San Francisco. This is the address of Benita and Simon Chiu, whom Debtor listed as "insiders" on his Statement of Financial Affairs. This is also the address on the joint checking account owned by Benita Chiu and Thai Ming Chiu. All bankruptcy notices, including the claims-bar-date notice and notice of hearing on the Final Account, were mailed to this address.

On February 11, 2010, this court entered an order authorizing Li to seek relief in state court from the order approving his voluntary dismissal of his lawsuit against Debtor.

On February 11, 2010, the trustee filed a status report, stating that she had completed a distribution effecting full payment of all timely-filed claims, that she was holding $393,937, and that she had no objection to the Judgment Creditors levying on the surplus.[3]

On February 12, 2010, the trustee filed and properly served objections to the Late-Filed Claims. None of the three claimants filed a response to the trustee's claim objections or appeared at the hearing thereon. On March 2, 2010, the court entered orders disallowing the Late-Filed Claims.

On March 8, 2010, Thai Ming Chiu filed a motion to reconsider the order disallowing his claim (no. 25). The Chiu claim, totaling $180,000, is supported by an unauthenticated check ledger, a canceled check written on the joint account of Thai Ming Chiu and

---

[3] Sierra Point Lumber and Plywood, $13,150 plus interest; and Sing Tao Newspapers San Francisco Ltd., $97,789 plus interest.

**MEMO RE LATE-FILED CLAIMS**

Benita Mui Yan-Chiu in the sum of $15,000,[4] and a declaration by Debtor that he borrowed $180,000 from Thai Ming Chiu and did not repay the loan. In support of his motion for reconsideration, Chiu contends that he provided the trustee with sufficient documentation to support his claim, and that he believed the trustee would withdraw her claim objection based upon the sufficiency of such documentation.

On March 8, 2010, Debtor's Father filed claim no. 26 in the sum of $194,000. Attached to the this claim are a loan ledger and copies of checks to Debtor totaling $258,920. Debtor's Father claims that although his son owes him $258,920, he is only seeking repayment of $194,000.

The combined total of the late-filed claims of Thai Ming Chiu and Debtor's Father is $374,000, which is approximately the amount of the surplus.

On May 7, 2010, the San Francisco Superior Court entered an order denying Li's request to vacate the order dismissing his lawsuit against Yan. Li appealed the denial. On June 28, 2010, the Court of Appeals filed a notice stating that Li had failed to perfect the appeal.

On July 23, 2010, the court held a hearing on Chiu's motion for reconsideration and the trustee's objection to claim no. 26

---

[4] The additional documentary support attached to the claim does not establish on its face a loan by Thai Ming Chiu to Debtor. For example, there is a $10,000 cashier's check payable to Debtor that lists Benita Chiu in the memo line. There is also a check stub from First Republic Bank that lists a check amount in the sum of $75,000, a check number, and has the name Demas Yan printed under the column labeled "account number". This stub does not include the payor or the payee. There are also several teller's checks drawn on World Savings Bank, but the ink on these checks is illegible.

**MEMO RE LATE-FILED CLAIMS**

-5-
Case: 04-33526  Doc# 430  Filed: 11/17/10  Entered: 11/18/10 11:57:52  Page 5 of 9

filed by Debtor's Father.  At the conclusion of the hearing, the
court took the matter under submission.

**LAW**

Section 726 of the Bankruptcy Code establishes the priority for distribution of property of the estate in a chapter 7 case. Tardily-filed general unsecured claims are to be paid before property may be returned to Debtor.  11 U.S.C. §§ 726(a)(3), (6). Bankruptcy Rule 3002(c)(6), which implements section 726(a)(3), provides that:

> In a Chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court *may* grant an extension of time for the filing of claims against the surplus not filed [in a timely manner].

Fed. R. Bankr. Proc. 3002(c)(6) (emphasis added); Venhaus v. Wilson, 96 B.R. 257, 262-63 (9th Cir. BAP 1988) (citing Advisory Committee Note).  Whether to grant an extension of time to permit the late filing of a claim in a chapter 7 surplus case is within the bankruptcy court's discretion.  Venhaus, 96 B.R. at 263.  The court may decline to allow an extension of time to file a claim, where the creditor's tardiness has caused prejudice to other creditors or where other equitable considerations justify denying an extension of time.  Id. at 262.

For the reasons set forth below, the court declines to grant an extension of time to permit Thai Ming Chiu (Chiu) and Debtor's Father to file late claims.  First, both claimants had adequate notice of the claims bar date,[5] yet Chiu failed to file a claim

---

[5] Although the bar-date notice and Final Account were addressed to Benita and Simon Chiu, and not Thai Ming Chiu, these notices were served on the Chius at 768 38th Avenue, San Francisco, 94121, which is the same address on Thai Ming Chiu's proof of claim.  Furthermore, the $10,000 check in support of the claim lists Thai Ming Chiu and Benita Chiu as joint account holders and

**MEMO RE LATE-FILED CLAIMS**

until two years and nine months after the bar date, and Debtor's Father failed to file a claim until three years and one month after the bar date. Second, Chiu and Debtor's Father had adequate notice of the Final Account, which indicated that the trustee would not make any distribution to either claimant. Yet neither Chiu nor Debtor's Father objected to the Final Account. Rather, Chiu waited until eight months after notice of the Final Account to file a claim, and Debtor's Father waited more than a year after notice of the Final Account before filing a claim. Third, Debtor's Father is an insider, and Chiu is someone who lives with and shares a joint bank account with someone Debtor described in his sworn Statement of Financial Affairs as an "insider." Fourth, the claims were filed only after the postpetition Judgment Creditors obtained writs of execution attaching the estate's surplus. Fifth, the late-filed claims are the same amount as the surplus, and the net effect of allowing the late-filed claims would be to transfer the surplus to dilatory insiders and to keep those funds from postpetition judgment creditors.

Because this case is likely a surplus case,[6] the trustee should cease performing all duties of a trustee, other than filing a final

---

has the 38th Avenue address stamped on the check. Finally, Chiu does not argue in this motion for reconsideration or reply brief that he failed to receive notice of the bar date or Final Account. Accordingly, the court determines the lateness of Chiu's claim and failure to object to the Final Account were not caused by the fact that the bar date notice and Final Account were addressed to Benita and Simon Chiu instead of Thai Ming Chiu.

[6] The Superior Court declined to set aside the dismissal of Li's lawsuit against Debtor, and the California Court of Appeals has ruled that Li failed to perfect his appeal of the Superior Court's ruling.

**MEMO RE LATE-FILED CLAIMS**

fee application,[7] and holding and distributing the remaining estate funds as directed by separate order of this court. The trustee should thus cease prosecution of Adv. Proc. 08-3035, because all allowed claims have been paid in full, and because it appears that the Li claim will be disallowed.

The trustee shall hold the surplus until the appeal on Li's claim is finally resolved. If the Superior Court order denying Li's motion to vacate is affirmed or if the appeal is dismissed, this court will consider the Li claim to be finally disallowed. If the trial court order is vacated, the trustee shall hold the Surplus until entry of a final order resolving Li's claim.

After final resolution of Li's claim, the trustee shall allow the Judgment Creditors to enforce their writs of attachment, because trustee stipulates to payment of these claims, and because the Judgment Creditors are entitled to attach the proceeds under applicable law. Fed. R. Bankr. Proc. 7069.

After the Judgment Creditors enforce their writs of attachment against the estate's surplus, trustee shall pay any funds remaining in the estate to Debtor.

**\*\*END OF MEMORANDUM\*\***

---

[7] The final fee application may reserve an appropriate amount for fees related to trustee's limited remaining duties.

## Court Service List

Charles Li
c/o Ann N. Nguyen
1999 Harrison St. Suite 660
Oakland, CA 94612

Cheuk Tin Yan
1433 7th Ave
San Francisco, CA 94122

Thai Ming Chiu
768 38th Avenue
San Francisco, CA 94121

**MEMO RE LATE-FILED CLAIMS**