**Entered on Docket**
**November 18, 2010**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: November 17, 2010**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 04-33526 TEC |
| | ) |
| DEMAS YAN, | ) Chapter 7 |
| | ) |
| | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |

**MEMORANDUM RE LATE-FILED CLAIMS OF THAI MING CHIU AND CHEUK TIN YAN**

This chapter 7 bankruptcy case been pending for nearly six years.  The claims bar date expired on January 23, 2007.  The final account was approved on March 18, 2009.  After two postpetition judgment creditors obtained writs of execution on the estate's $380,000 surplus, two insider creditors with adequate notice of the claims bar date and the final account filed tardy claims in the approximate amount of the surplus.  Whether to allow the tardy claims pursuant to 11 U.S.C. § 726(a)(3) is the subject of this memorandum decision.

This memorandum decision shall constitute the court's findings of fact and conclusions of law.

**FACTS**

On December 19, 2004, Debtor filed a chapter 11 bankruptcy petition and schedules.  The schedules list an undisputed,

**MEMO RE LATE-FILED CLAIMS**

-1-

liquidated debt to Debtor's father, Cheuk Yan (Debtor's Father), in
the sum of $38,000.  Debtor did not schedule any debt owing to Thai
Ming Chiu, Benita Chiu, or Simon Chiu.  Debtor did, however, list
Benita Chiu and Simon Chiu on his Statement of Financial Affairs as
"insiders" to whom he made payments in the year prepetition, and to
whom he still owed money.

On December 23, 2004, notice of Debtor's bankruptcy case
filing was served on all scheduled creditors, including Debtor's
Father.  This notice was also served on Simon Chiu and Benita Chiu.[1]
Thai Ming Chiu lives at the same address as Simon and Benita Chiu.

On February 10, 2005, Charles Li filed a claim in the sum of
$221,000 (claim no. 3).

The case was converted to chapter 7 on September 15, 2006.  On
September 21, 2006, notice of the conversion and of the January 23,
2007 claims bar date was served on all scheduled creditors,
including Debtor's Father.  This notice was also served on Simon
Chiu and Benita Chiu.[2]

On February 9, 2007, Li filed a duplicate claim (claim no. 18)
in the sum of $221,000.  On August 20, 2007, Li filed a withdrawal
of claim numbers 3 and 18.

On February 24, 2009, the chapter 7 trustee filed and served a
Notice of Filing of Final Report of Trustee (the Final Account).
The notice was served on all scheduled creditors, including
Debtor's Father, all creditors who had filed a claim, and on Simon

---

[1] Debtor's Father was served at 1433 7th Avenue, San
Francisco, CA 94122.  Simon and Benita Chiu were served at 768 38th
Avenue, San Francisco, CA 94121.  The 38th Avenue address is the
same address listed on Thai Ming Chiu's proof of claim.

[2] Notice of the bar date was mailed to the addresses specified
in note 1, supra.

**MEMO RE LATE-FILED CLAIMS**

1  Chiu and Benita Chiu.  The Final Account provides for payment in
2  full of all allowed general unsecured claims, which totaled
3  $564,023.  The Final Account did not list any proposed payment to
4  Debtor's Father, Simon Chiu, Benita Chiu, or Thai Ming Chiu.  The
5  Final Account indicated a surplus of $393,538.71, less a $75,000
6  reserve requested by the trustee, and less the amount of the writs
7  of execution obtained by postpetition judgment creditors Sierra
8  Point Lumber and Plywood and Sing Tao Newspapers San Francisco Ltd.
9  (collectively, the Judgment Creditors).  No opposition to the Final
10 Account was filed, and the court approved the Final Account at a
11 hearing held on March 18, 2009.

12     On March 23, 2009, the trustee obtained notice that Li
13 intended to reinstate his prior proof of claim.

14     On April 9, 2009, the court entered an Order Regarding
15 Distribution of Funds Held by Trustee (the Distribution Order).
16 The Distribution Order provides: (a) that the trustee is authorized
17 to make all distributions specified in the Final Account; (b) that
18 if Li re-files the withdrawn proof of claim, and if such claim is
19 allowed, its status will be that of a late claim, subordinated to
20 all timely-filed claims; and (c) that the trustee shall not
21 distribute the surplus funds to Debtor or pay on any levy against
22 those funds, until after a determination is made on the Li claim.

23     On April 27, 2009, Li re-filed his claim in the sum of
24 $221,000.  Debtor objected to the claim on the grounds that it was
25 barred by the doctrine of collateral estoppel, because Li
26 voluntarily dismissed with prejudice a 2004 state-court action
27 concerning the same transaction.

28     On October 23, 2009, three creditors filed untimely claims
   totaling $558,665: (1) Debtor's mother, Tina Yan, filed claim no.

**MEMO RE LATE-FILED CLAIMS**

Case: 04-33526   Doc# 434   Filed: 11/20/10   Entered: 11/20/10 21:35:18   Page 3 of
10

1  23 in the sum of $338,665; (2) Kaman Liu filed claim no. 24-1 in
2  the sum of $40,000; and (3) Thai Ming Chiu filed claim no. 25 in
3  the sum of $180,000 (collectively the Late-Filed Claims).

4      The address listed on Thai Ming Chiu's proof of claim is 768
5  38th Avenue, San Francisco.  This is the address of Benita and
6  Simon Chiu, whom Debtor listed as "insiders" on his Statement of
7  Financial Affairs.  This is also the address on the joint checking
8  account owned by Benita Chiu and Thai Ming Chiu.  All bankruptcy
9  notices, including the claims-bar-date notice and notice of hearing
10 on the Final Account, were mailed to this address.

11     On February 11, 2010, this court entered an order authorizing
12 Li to seek relief in state court from the order approving his
13 voluntary dismissal of his lawsuit against Debtor.

14     On February 11, 2010, the trustee filed a status report,
15 stating that she had completed a distribution effecting full
16 payment of all timely-filed claims, that she was holding $393,937,
17 and that she had no objection to the Judgment Creditors levying on
18 the surplus.[3]

19     On February 12, 2010, the trustee filed and properly served
20 objections to the Late-Filed Claims.  None of the three claimants
21 filed a response to the trustee's claim objections or appeared at
22 the hearing thereon.  On March 2, 2010, the court entered orders
23 disallowing the Late-Filed Claims.

24     On March 8, 2010, Thai Ming Chiu filed a motion to reconsider
25 the order disallowing his claim (no. 25).  The Chiu claim, totaling
26 $180,000, is supported by an unauthenticated check ledger, a
27 canceled check written on the joint account of Thai Ming Chiu and

28

_____

[3] Sierra Point Lumber and Plywood, $13,150 plus interest; and
Sing Tao Newspapers San Francisco Ltd., $97,789 plus interest.

**MEMO RE LATE-FILED CLAIMS**

-4-

1  Benita Mui Yan-Chiu in the sum of $15,000,[4] and a declaration by
2  Debtor that he borrowed $180,000 from Thai Ming Chiu and did not
3  repay the loan.  In support of his motion for reconsideration, Chiu
4  contends that he provided the trustee with sufficient documentation
5  to support his claim, and that he believed the trustee would
6  withdraw her claim objection based upon the sufficiency of such
7  documentation.

8      On March 8, 2010, Debtor's Father filed claim no. 26 in the
9  sum of $194,000.  Attached to the this claim are a loan ledger and
10  copies of checks to Debtor totaling $258,920.  Debtor's Father
11  claims that although his son owes him $258,920, he is only seeking
12  repayment of $194,000.

13      The combined total of the late-filed claims of Thai Ming Chiu
14  and Debtor's Father is $374,000, which is approximately the amount
15  of the surplus.

16      On May 7, 2010, the San Francisco Superior Court entered an
17  order denying Li's request to vacate the order dismissing his
18  lawsuit against Yan.  Li appealed the denial.  On June 28, 2010,
19  the Court of Appeals filed a notice stating that Li had failed to
20  perfect the appeal.

21      On July 23, 2010, the court held a hearing on Chiu's motion
22  for reconsideration and the trustee's objection to claim no. 26

23

24

----

25      [4] The additional documentary support attached to the claim
does not establish on its face a loan by Thai Ming Chiu to Debtor.
26  For example, there is a $10,000 cashier's check payable to Debtor
that lists Benita Chiu in the memo line. There is also a check stub
27  from First Republic Bank that lists a check amount in the sum of
$75,000, a check number, and has the name Demas Yan printed under
28  the column labeled "account number".  This stub does not include
the payor or the payee.  There are also several teller's checks
drawn on World Savings Bank, but the ink on these checks is
illegible.

**MEMO RE LATE-FILED CLAIMS**

-5-

filed by Debtor's Father.  At the conclusion of the hearing, the court took the matter under submission.

**LAW**

Section 726 of the Bankruptcy Code establishes the priority for distribution of property the estate in a chapter 7 case. Tardily-filed general unsecured claims are to be paid before property may be returned to Debtor.  11 U.S.C. §§ 726(a)(3), (6). Bankruptcy Rule 3002(c)(6), which implements section 726(a)(3), provides that:

> In a Chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court *may* grant an extension of time for the filing of claims against the surplus not filed [in a timely manner].

Fed. R. Bankr. Proc. 3002(c)(6) (emphasis added); <u>Venhaus v. Wilson</u>, 96 B.R. 257, 262-63 (9th Cir. BAP 1988) (citing Advisory Committee Note).  Whether to grant an extension of time to permit the late filing of a claim in a chapter 7 surplus case is within the bankruptcy court's discretion.  <u>Venhaus</u>, 96 B.R. at 263.  The court may decline to allow an extension of time to file a claim, where the creditor's tardiness has caused prejudice to other creditors or where other equitable considerations justify denying an extension of time.  <u>Id.</u> at 262.

For the reasons set forth below, the court declines to grant an extension of time to permit Thai Ming Chiu (Chiu) and Debtor's Father to file late claims.  First, both claimants had adequate notice of the claims bar date,[5] yet Chiu failed to file a claim

---

[5] Although the bar-date notice and Final Account were addressed to Benita and Simon Chiu, and not Thai Ming Chiu, these notices were served on the Chius at 768 38th Avenue, San Francisco, 94121, which is the same address on Thai Ming Chiu's proof of claim.  Furthermore, the $10,000 check in support of the claim lists Thai Ming Chiu and Benita Chiu as joint account holders and

Case: 04-33526   Doc# 434   Filed: 11/20/10   Entered: 11/20/10 21:35:18   Page 6 of 10

until two years and nine months after the bar date, and Debtor's
Father failed to file a claim until three years and one month after
the bar date.  Second, Chiu and Debtor's Father had adequate notice
of the Final Account, which indicated that the trustee would not
make any distribution to either claimant.  Yet neither Chiu nor
Debtor's Father objected to the Final Account.  Rather, Chiu waited
until eight months after notice of the Final Account to file a
claim, and Debtor's Father waited more than a year after notice of
the Final Account before filing a claim.  Third, Debtor's Father is
an insider, and Chiu is someone who lives with and shares a joint
bank account with someone Debtor described in his sworn Statement
of Financial Affairs as an "insider."  Fourth, the claims were
filed only after the postpetition Judgment Creditors obtained writs
of execution attaching the estate's surplus.  Fifth, the late-filed
claims are the same amount as the surplus, and the net effect of
allowing the late-filed claims would be to transfer the surplus to
dilatory insiders and to keep those funds from postpetition
judgment creditors.

Because this case is likely a surplus case,[6] the trustee should
cease performing all duties of a trustee, other than filing a final

has the 38th Avenue address stamped on the check.  Finally, Chiu
does not argue in this motion for reconsideration or reply brief
that he failed to receive notice of the bar date or Final Account.
Accordingly, the court determines the lateness of Chiu's claim and
failure to object to the Final Account were not caused by the fact
that the bar date notice and Final Account were addressed to Benita
and Simon Chiu instead of Thai Ming Chiu.

[6] The Superior Court declined to set aside the dismissal of
Li's lawsuit against Debtor, and the California Court of Appeals
has ruled that Li failed to perfect his appeal of the Superior
Court's ruling.

**MEMO RE LATE-FILED CLAIMS**

-7-

fee application,[7] and holding and distributing the remaining estate
funds as directed by separate order of this court.  The trustee
should thus cease prosecution of Adv. Proc. 08-3035, because all
allowed claims have been paid in full, and because it appears that
the Li claim will be disallowed.

The trustee shall hold the surplus until the appeal on Li's
claim is finally resolved.  If the Superior Court order denying
Li's motion to vacate is affirmed or if the appeal is dismissed,
this court will consider the Li claim to be finally disallowed.  If
the trial court order is vacated, the trustee shall hold the
Surplus until entry of a final order resolving Li's claim.

After final resolution of Li's claim, the trustee shall allow
the Judgment Creditors to enforce their writs of attachment,
because trustee stipulates to payment of these claims, and because
the Judgment Creditors are entitled to attach the proceeds under
applicable law.  Fed. R. Bankr. Proc. 7069.

After the Judgment Creditors enforce their writs of attachment
against the estate's surplus, trustee shall pay any funds remaining
in the estate to Debtor.

**\*\*END OF MEMORANDUM\*\***

---

[7] The final fee application may reserve an appropriate amount
for fees related to trustee's limited remaining duties.

Case: 04-33526   Doc# 434   Filed: 11/20/10   Entered: 11/20/10 21:35:18   Page 8 of
10

1

2                    <u>**Court Service List**</u>

3  Charles Li
   c/o Ann N. Nguyen
4  1999 Harrison St. Suite 660
   Oakland, CA 94612
5
   Cheuk Tin Yan
6  1433 7th Ave
   San Francisco, CA 94122
7
   Thai Ming Chiu
8  768 38th Avenue
   San Francisco, CA 94121
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   **MEMO RE LATE-FILED CLAIMS**

# CERTIFICATE OF NOTICE

The following entities were noticed by first class mail on Nov 20, 2010.
              +Charles Li,   c/o Ann N. Nguyen,   1999 Harrison St. Suite 660,   Oakland, CA 94612-3584
10420233      +Thai Ming Chiu,   768 38th Avenue,   San Francisco, CA 94121-3410

The following entities were noticed by electronic transmission on Nov 19, 2010.
10769540      +E-mail/Text: dennisy@yahoo.com                        Cheuk Tin Yan,   1433 7th Ave,
               San Francisco, CA 94122-3702
                                                                          TOTAL: 1

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 20, 2010**          **Signature:**      *Joseph Speetjens*