1        UNITED STATES BANKRUPTCY COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3           (SAN FRANCISCO DIVISION)

4

5   In re:

6   DEMAS WAI YAN aka DENNIS YAN,        Case No. 04-33526-TEC

7                                        Chapter 7

8                                        San Francisco,California
                                         February 26, 2010
9                                        10:57 a.m.
            Debtor.
10  _____/

11  TONY FU,

12           Plaintiff,

13      v.                               A.P. No. 08-3166 TC

14  DEMAS YAN and CHEUK TIN YAN,

15           Defendants.
    _____/

16
                 TRANSCRIPT OF PROCEEDINGS
17        PRELIMINARY OBJECTION TO CLAIM NO. 25
        OF THAI MING CHIU AND CLAIM NO. 24 OF KAMAN LIU
18         AND CLAIM NO. 23 OF TINA F. YAN

19         BEFORE THE HONORABLE THOMAS CARLSON
              UNITED STATES BANKRUPTCY JUDGE
20
    APPEARANCES:
21
    For the Trustee:        LAW OFFICES OF STROMSHEIN AND
22                          ASSOCIATES
                            BY: JOANNE M. LAFRENIERE, ESQ.
23                          201 California Street, #350
                            San Francisco, California 94111
24

25

1  APPEARANCES (CONTINUED):

2  For Charles Li:            PHAN, NGUYEN, and ASSOCIATES, LLP
                              BY: ANN NGUYEN, ESQ.
3                             1999 Harrison Street, #660
                              Oakland, California 94612
4

5  For Sing Tao Newspapers:   LAW OFFICES OF MORRISON and
                              FOERSTER
6                             BY: ADAM A. LEWIS, ESQ.
                              425 Market Street
7                             San Francisco, California 94105

8
   The Debtor in pro per:     LAW OFFICES OF DENNIS YAN
9                             BY:  DENNIS YAN, ESQ.
                              595 Market Street #1350
10                            San Francisco, California 94105

11
   Also Present:              TONY FU
12

13 Court Recorder:            ROSALYNN WANG
                              UNITED STATES BANKRUPTCY COURT
14                            235 Pine Street
                              San Francisco, California 94104
15

16 Transcription Service:     Jo McCall
                              Electronic Court
17                            Recording/Transcribing
                              2868 E. Clifton Court
18                            Gilbert, Arizona 85295
                              Telephone: (480) 361-3790
19

20

21

22

23

24

25

P R O C E E D I N G S

February 26, 2010                                    10:57 a.m.

—oOo—

MR. FU: Good morning, Your Honor, Tony Fu.

MR. YAN: Demas Yan for the Debtor -- excuse me,
Demas Yan, the Debtor.

THE COURT: We have two matters.  Let's do Fu
versus Yan first, okay?  Now -- let me get my papers here.
It's a long calendar this morning.  All right.  As I
understand this, from what I've read of the record here,
this is a matter in which I previously allowed these claims
of the estate to be abandoned to the Debtor and dissolved
the previous injunction.  An order was entered on that.
There was then a motion to amend that order.  That order
was entered on June 15th of last year.

Mr. Fu then filed a motion within ten days after
that to modify that order.  That motion was denied.  Within
ten days after the denial of that motion, Mr. Fu filed a
notice of appeal of the order basically abandoning this
issue, all these claims, back to Mr. Yan from the estate
and lifting the prior injunction basically prohibiting him
from bringing claims that were owned by the estate.

Now, I believe the whole matter is on appeal, and
that I don't have jurisdiction at this point to -- after
the first motion for leave to amend the June order was

1 | filed and denied and a notice of appeal was filed, I don't
2 | think I have any jurisdiction.  This matter is on appeal.
3 | Now, I could ask the Appellate Court to remand, to grant
4 | this current motion for reconsideration, but I don't see
5 | any basis for it because the grounds alleged in this motion
6 | that Mr. Yan may have misstated things has nothing to do
7 | with the basis for the order, was, basically that these
8 | claims –- this is likely to be a surplus case, and these
9 | claims should just be basically abandoned back to the
10 | Debtor so the Debtor can –- to handle his own affairs with
11 | respect to that.  And so I don't think I have any
12 | jurisdiction, and if I did have jurisdiction, I wouldn't
13 | grant the motion because it doesn't relate to the basis for
14 | which the –- on which the order was granted.

15 | In any case, I don't need to decide that though,
16 | because the only reason I would decide whether I would
17 | grant the motion is to ask the Appellate Court to remand
18 | the matter to me for that purpose, and I don't wish to do
19 | so.  So you filed your appeal, and as I see it now, your
20 | avenue is to prosecute the appeal.  The appeal has not, as
21 | far as I know, been dismissed.  Am I right?

22 | MR. FU: Yes, Your Honor.

23 | THE COURT: Okay.  So this matter is simply not
24 | something that –- it's out of my ball park at this point,
25 | out of our –- we're no longer the tribunal that's handling

1  this matter.

2          Now, on the basic Yan case, we have three more

3  recently filed claims to which the Trustee has filed

4  objections.  Shall we deal with that?

5          MR. FU: Thank you, Your Honor.

6          MR. YAN: Demas Yan again, the Debtor.

7          THE COURT: Yes.

8          MS. LaFRENIERE: Good morning, Your Honor, Joanne

9  LaFreniere on behalf of Janina Elder.

10          THE COURT: Now -- and we have claimants here.

11          MS. NGUYEN: Ann Nguyen for Mr. Li, Your Honor.

12          MR. LEWIS: Good morning, Your Honor, Adam Lewis

13  of Morrison and Foerster.  I actually represent Sing Tao

14  which is the post-petition lien claimant on the surplus.

15          THE COURT: Yes, right.  You're seeking here to

16  protect your interest in what the Trustee may remit.

17          MR. LEWIS: Exactly, Your Honor.

18          THE COURT: And we've made you wait a long time

19  this morning -- all of you.

20          MR. LEWIS: I'm a patient man.

21          THE COURT: Sorry.  Okay.  Now -- so you're

22  here -- you're sort of a creditor of the estate, but not

23  representing any of the new claimants.

24          MR. LEWIS: I'd say I have Class B standing, Your

25  Honor.

1          THE COURT: Yeah, okay.  (Laughing.)

2          MS. LaFRENIERE: Your Honor, just from a case

3   overview point of view, it might be helpful to --

4          THE COURT: Yeah, I'm glad to hear whatever you

5   want to tell me.

6          MS. LaFRENIERE: -- to do that.  The Court may

7   have seen that I filed a status report to try and summarize

8   where we're at.  Prior to the filing of the three

9   additional late-filed claims, the road map that the Court

10  suggested in its scheduling order could have worked.  The

11  Court, I understand, was suggesting that the Li claim be

12  carved out and the Trustee disburse all their funds and

13  cease administering the estate.  However, with the three

14  new late-filed claims, if all of those claims were to be

15  allowed, then those amounts exceed the amount on hand, and

16  then that brings up another possible split in the road here

17  where the Trustee may need to go back and take up the

18  adversary proceeding that has been in a holding pattern and

19  recover another property.

20         THE COURT: That's the one for recovery of certain

21  real property.

22         MS. LaFRENIERE: Correct.

23         THE CORUT: That's not the one that -- not the

24  claims that have been abandoned to the Debtor.  They're

25  simply being held by the estate in abeyance, the claim

1 you're speaking of.

2     MS. LaFRENIERE: The adversary proceeding that I'm

3 mentioning is <u>Elder versus 547-23rd Avenue, LLC.</u>

4     THE COURT: Right.  That has not yet been

5 abandoned.

6     MS. LaFRENIERE: That is correct.  That has

7 remained in the estate, and the matter has been continued

8 pending actual closing of the estate so that the Trustee

9 knows whether it is or is not a surplus estate.  So at the

10 moment, the Trustee is holding about $393,000, so if each

11 of the three additional late-filed claims were allowed,

12 that money is not sufficient to pay all of the late-filed

13 claims, and then we would need to have the Court determine

14 if all the new late-filed claims are allowed and if so in

15 what amount, and also if among them there is a

16 subordination issue.  So that's where we are.

17     MS. NGUYEN: Your Honor, one point to bring up,

18 just this morning --

19     THE COURT: And who do you represent?

20     MS. NGUYEN: Mr. Li.

21     THE COURT: You represent Mr. Li.  What about

22 these other claimants?  Have any of them appeared?

23     MS. LaFRENIERE: I don't think any of them are

24 here, Your Honor.

25     MS. NGUYEN: Your Honor, on our last hearing date,

1  the scheduling order was issued because there was a relief

2  from stay motion that I filed where we'd have to go back --

3  THE COURT: Yeah, and you filed -- you gave us a

4  declaration saying you filed this motion to get relief from

5  that judgment in the State Court, and it's going to be

6  heard next month, I believe.

7  MS. NGUYEN: Yes, Your Honor. And also --

8  THE COURT: Okay. So you've done everything

9  that's been asked.

10  MS. NGUYEN: Yes, Your Honor. Mr. Li's claim has

11  been amended to include attorney's fees and also interest,

12  so it does exceed the amount still left in the account.

13  THE COURT: And is there -- was there a contract

14  that allowed for attorney's fees?

15  MS. NGUYEN: No, Your Honor. However, speaking to

16  the counsel in the State Court matter, that might be an

17  issue there which he may seek to recover.

18  THE COURT: Okay. You still have to get the

19  judgment set aside.

20  MS. NGUYEN: Yes, Your Honor.

21  THE COURT: Okay. Now, is there any -- it looked

22  to me like your objections to claim, and these are all just

23  frightfully late, it looks like they were all well served.

24  They were served on the addresses from which the claims

25  were filed.

1          MS. LaFRENIERE: Yes.

2          THE COURT: Is there any reason why we should not

3    disallow those claims?

4          MS. LaFRENIERE: The Debtor has provided –- Mr.

5    Yan has provided me with some documentation that he

6    apparently obtained from the claimants, but I've had

7    absolutely no contact from the claimants themselves.

8          MR. YAN: I would say that I admit to those debts,

9    and I affirm them.  The creditors, as the Trustee has

10   pointed out, are my relatives, but the claims are real, and

11   they are creditors nevertheless, and they are not currently

12   represented by any counsel, but, you know, if it's

13   necessary, then I will step in as their counsel, but I

14   don't think that's necessary.  I think the issue here is

15   the estate is a surplus estate.  The only issue is that

16   before the claims are allowed on their face value, then the

17   Trustee may have to liquidate non-cash assets.  But one or

18   more of the late creditors –- late claimants –- may be

19   willing to amend their claims so that it's not necessary

20   for the Trustee to liquidate the non-cash assets.

21         MS. LaFRENIERE: Your Honor, I would propose that

22   we set a deadline by which the claimants say they're in or

23   they're out, you know.  They –- I don't –- the notion of

24   having a conditional claim based on whatever the surplus

25   is, I don't think is a workable or proper way to deal with

the claim.  So it seems to me that if these claimants are
actually wishing to be paid from the proceeds, they need to
state so, and they need to state the amount and prove the
amount that they wish to have in their claims.  They can't
just say we'll have a claim based on "X" circumstance and
not based on another.

And one more point, two of the claimants were on
the original matrix; one was not.

THE COURT: I know, and the one who was not –- and
there has been a distribution –- would have a basis for a
non-dischargeable claim because –-

MS. LaFRENIERE: Correct.

THE COURT:  –- the creditor did not get time –-
notice in time to file a claim in the case, a timely claim
in the case.

MS. LaFRENIERE: But it seems to me that the last
thing this case needs is more contingencies, so I would
suggest that we have a hearing on the claims and the
claimants through either personal appearance or through an
independent attorney demonstrate their claims and the
amount that they wish to have their claim be allowed in.
And if they do that, then they have allowed claims, and if
they don't, then the claims –-

THE COURT: Well, I guess I have a little less
benign view of this.  I mean it looks to me like this thing

1 stinks to high heaven.  There's about to be a distribution

2 perhaps to a post-petition judgment lien creditor from the

3 Trustee, and Mr. Li comes in with a claim, and then all of

4 a sudden relatives come out of the woodwork at the last

5 minute, and this to me just looks as phoney as a three-

6 dollar bill.

7         MR. LEWIS: Your Honor, if I may.  Again, I

8 recognize my somewhat limited standing, but I guess I have

9 the same sense here that if Mr. Yan was so concerned and so

10 convinced of the merits of these claims, he would have

11 insured they were duly and properly scheduled.  He would

12 have been sure that they filed their Proofs of Claim in

13 time.  His concerns seem to have come up only after the

14 fact, and that doesn't necessarily mean disallowing them

15 here and now, although I think, given the notice that was

16 given, that would be an appropriate result.  They did have

17 a chance to show up, and apparently Mr. Yan is sort of

18 representing them instead.  But I think that's an

19 appropriate result.  It is a very suspicious circumstance,

20 and this case has been full of them.

21         MS. NGUYEN: I agree.

22         MR. YAN: May I comment.  I think we should not

23 prejudge the creditors' claims.  I have all the -- the

24 creditors have provided proof of those claims to the

25 Trustee, and I believe those proofs will speak for

1 themselves. The claims are late. That's undisputed. The

2 reason why they did not file the claims in the first place

3 was the relationship. They didn't feel there's a need to

4 file it because I will always guarantee those debts even if

5 I'm discharged. But the point here is that when the other

6 creditors –- actually all the creditors have been paid off.

7 There are no pre-petition creditors who are not paid off in

8 full.

9         THE COURT: Other than these people and Mr. Li.

10        MR. YAN: Well, Charles Li –- Mr. Li –- but Mr.

11 Li's case is not a pre-petition debt. It was a post-

12 petition debt. So I think in terms of the fairness of

13 it –-

14        MS. LaFRENIERE: Excuse me. That's not correct.

15        THE COURT: That's not so.

16        MS. LaFRENIERE: Mr. Li's claim arose pre-

17 petition.

18        MR. LEWIS: Your Honor, and if I could add, just

19 based on the latest remarks by the Debtor, I mean what he's

20 told us, assuming it's true because all we have is his word

21 for it at the moment, these creditors have chosen not to

22 show up today although they're on notice, even as they

23 chose not to participate in the case. We're told they

24 chose not to participate in the case because they assumed

25 Mr. Yan would take care of them, as he put it. That being

1 so, I think they've kind of walked from the right to share

2 in this estate. They may still be able to get paid by Mr.

3 Yan who tells us he is going to take care of them one way

4 or the other, because as he put it, guaranteed them, but

5 that just puts them in the same boat as any other creditor

6 who is not a creditor of this estate, like my client. They

7 apparently have made a decision, at least so the Debtor

8 reports.

9          THE COURT: Okay.

10          MS. NGUYEN: Your Honor, if I may, very briefly.

11 I hope the Court looks at this with some skepticism in

12 terms of these other late-filed claims. Counsel has just

13 found out yesterday that there was in the past some sort of

14 a scandal related to the housing authority or the

15 authorities in San Francisco in terms of getting building

16 licenses. There were allegations in the media where Mr.

17 Yan has paid off officials to get building licenses. I

18 just found that out yesterday, and perhaps that's something

19 that the Court may consider in terms of viewing this with

20 skepticism.

21          THE COURT: Okay. I only have one question for

22 you. What has happened here -- I'm going to sustain these

23 objections to claims. Nobody has appeared on their behalf.

24 The regime that I set up in this, basically order to show

25 cause, was that the Trustee would be discharged with the

1 sole exception of holding the surplus until the claim of

2 Mr. Li was resolved at the trial court level.

3        MS. NGUYEN: Yes, Your Honor.

4        THE COURT: Now, the Trustee -- your client --

5 you've now said that your claim exceeds the amount held,

6 and the Trustee, if that's the case, the Trustee could

7 pursue this other adversary proceeding.  But if the Trustee

8 pursues this other adversary proceeding, the case will be

9 kept open.  The Trustee will continue to incur fees, which

10 may or may not be cost effective to your client.

11        MS. NGUYEN: Yes, Your Honor.

12        THE COURT: So the question is -- am I thinking

13 about this right?  As long as the creditor, the sole

14 remaining creditor, waives the administration of that, then

15 we can release the Trustee, with the sole exception of

16 holding that money, less -- I think you probably have some

17 small fee applications left.

18        MS. LaFRENIERE: It's on for hearing.

19        THE COURT: Yeah.  Or the Trustee can keep

20 pursuing this on the theory that you still have a claim --

21 there still may be a claim that goes after this, but you'd

22 be putting at risk the money that is still being held, to

23 the extent that fees are incurred.

24        MS. NGUYEN: Yes, Your Honor, however if this was

25 not done, it may be possible that if the funds are given

1  back to Mr. Yan, we don't know if there are funds later on

2  to --

3          THE COURT: The funds are not going to go back to

4  Mr. Yan unless and until your claim is at least resolved,

5  at least at the trial court level.

6          MS. NGUYEN: Yes.

7          THE COURT: Okay.  I mean if you lose this motion

8  to set aside the judgment, I don't see how I can treat that

9  as a claim.  If the judgment is set aside, you can just

10  proceed in the State Court against -- and that fund is

11  being held sort of like a bond.

12          MS. NGUYEN: Yes, Your Honor, and in terms of the

13  amount of the funds being held, that is still in question,

14  correct, because at our last hearing, you stated that only

15  221,000 of those funds -- however, Mr. Li is requesting for

16  the entire amount to be held, perhaps just until April,

17  because that's when we'll find out whether or not the

18  estate action will prevail or not.

19          THE COURT: Yeah.  Okay.  Well, you don't know

20  whether you'll prevail.  You'll know whether you have lost

21  entirely.

22          MS. LaFRENIERE: Yes.

23          THE COURT: Okay.  Do you have any comments?

24          MS. LaFRENIERE: The hearing on this initial

25  obstacle is the end of March; is that when it is?

1       MS. NGUYEN: March 24th, which counsel in that

2  matter has stated to me it may be resolved within a week of

3  that, so assuming the beginning of April.

4       THE COURT: I have no idea what the State Court

5  will do.  I assume there's -- you filed a motion.  Is there

6  opposition?  Has it been opposed?

7       MS. NGUYEN: Not that I know of, Your Honor.

8       THE COURT: Okay.

9       MS. NGUYEN: However, he stated to me -- the

10  counsel in that matter -- that should the -- the entire

11  motion should be resolved within a week of March 24th.

12       THE COURT: Okay.  Okay.  Should we wait and see

13  what happens at that hearing?

14       MS. LaFRENIERE: We would love to close this case,

15  Your Honor.  Is there a possibility of doing a carve-out,

16  as the Court suggested, so that the Trustee can be

17  discharged.

18       THE COURT: Well, you can be paid certainly.

19       MS. LaFRENIERE: No, I understand that, but is

20  there --

21       THE COURT: Let me put it this way.  The ultimate

22  thing here is, there is a claim.  It can't go forward

23  unless and until the trial court sets aside a judgment

24  that's been entered against Mr. Li.  I can't do that.  You

25  know, it should be left to the trial court.  They know why

1  they entered that judgment and whether it should be set

2  aside.  My understanding is that Mr. Yan would rather

3  defend this himself rather than have the Trustee do it.

4  You don't want to hire Trustee's counsel to defend this

5  claim; you want to do it yourself.

6          MR. YAN: For the State Court action?

7          THE COURT: For –- to resolve Mr. Li's claim, if

8  there is indeed a claim.

9          MR. YAN: Yes, that's true, yes, sir.

10         THE COURT: Okay.  So the practical application I

11 tried to do –- come up with –- I think still works; that

12 is, the funds are held by the estate to pay the claim when

13 it is resolved.  But the Trustee's fees are no longer

14 eating up the case because the Trustee will be discharged,

15 except for this limited duty, which I think the Trustee is

16 willing to do –- very willing to do here to otherwise get

17 out of the case –- just holding these funds until given an

18 order by the Court what to do with them.

19         MS. LaFRENIERE: And by the funds, Your Honor, do

20 you mean just a dedicated portion of the funds or do you

21 mean the entire amount that the Trustee is presently

22 holding?

23         THE COURT: To the extent that –- I think we

24 should put this over just to April just to see whether it

25 fails, but if it's set aside, then, you know, they can

1  amend their claim to any amount, and it's the same as if it

2  were tried in this court because you wouldn't make a

3  distribution until the claim was resolved.  You know, the

4  claim –- a limited amount would be released only if there

5  was a stipulation that it wasn't needed.  So the whole

6  amount would be held, but Mr. Yan could defend the claim

7  himself, which he wants to do.  So I guess it doesn't

8  really matter when it is, but we just need –- I guess we

9  don't need a follow-up hearing in this court –- but if

10  there's an order denying that motion, I'm going to order

11  the funds released.

12          MR. LEWIS: Your Honor, if I can just suggest

13  along those lines, that we ask counsel for Mr. Li to file

14  whatever is available, whatever the ruling is on that, and

15  then if anybody wants some kind of status conference in

16  connection with that, and the Court may just be able to act

17  on its own.  If there's any other reason, maybe we could

18  just do that on –-

19          THE COURT: I also want to –- I also think –- it's

20  not appropriate to discharge you yet.  I'm going to enter

21  these orders disallowing the claims.  Let's put this over

22  til mid April or so just because –- just because.  Okay?

23          MR. YAN: May I make a suggestion?

24          THE COURT: Yeah.

25          MR. YAN: Yes, the State Court's motion to set

1  aside this dismissal is scheduled I believe for March 24th

2  or 26th.

3          THE COURT: Yeah.

4          MR. YAN:  Basically on that date, we'll know what

5  the order is.

6          THE COURT: You might.

7          MR. YAN: I think that's the fact that it is --

8          THE COURT: I think it's likely.

9          MR. YAN: Yeah, so I think the onus is on Mr. Li

10 to show to the Court that that motion is granted.  I would

11 prefer this way, that we don't have to come back for

12 another hearing, that if, for example, if we get notice of

13 that motion that it is denied, then grant the Trustee the

14 authority to just go ahead and close the case without

15 having to come back for another hearing.

16         THE COURT: I just want the Trustee to make sure

17 that there are no loose ends, okay?

18         MR. LaFRENIERE: All right.

19         THE COURT: So I'm going to put this over.  I

20 think we have a hearing on -- a possible date on the 16th,

21 April 16th.  That's only a little bit later.  I'm gone the

22 week before that, so let's just put this over.  We can --

23 let me give you a date.  I've got to get moving onto

24 another thing here.  I can give you 10:30 or 11:30.  Which

25 do you want?

1          MS. LaFRENIERE: Either is fine.

2          MR. LEWIS: Anything is fine, Your Honor.

3          THE COURT: Okay.  Let's make it 10:30.  Okay.

4  I'm giving you your own slot because this isn't a two or

5  three-minute matter.  All right.

6          MS. LaFRENIERE: Thank you, Your Honor.

7          THE COURT: So, Ms. LaFreniere, will you give me

8  orders on the claims objections.  They're yours, and I

9  will -- and then just -- I don't think we need any further

10 notice regarding this.  I'm just making a minute entry here

11 that this -= the other matter on today is continued to

12 April 16th at 10:30.

13         MS. LaFRENIERE: One last small matter, Your

14 Honor.

15         THE COURT: Yeah.

16         MS. LaFRENIERE: I have the continued status

17 conference in the adversary proceeding on the 547 - 23rd

18 Avenue on for Monday.  May I have a continuance on that?

19         THE COURT: And who is the defendant?

20         MS. LaFRENIERE: The defendant is the LLC and it

21 has not responded.

22         THE COURT: Okay.  Yes.

23         MS. LaFRENIERE: And that way --

24         THE COURT: Will you give them notice in any

25 event?

1          MS. LaFRENIERE: Yes.

2          THE COURT: Is it -- it's on for Monday?  Do you

3 have an e-mail address for them, or they've never responded

4 in any way?

5          MS. LaFRENIERE: They've never responded in any

6 way, Your Honor.

7          THE COURT: Okay.

8          MS. LaFRENIERE: And it's on at 9:30 on Monday.

9          THE COURT: Okay.  Yes, I'll put that over to

10 April 16th too.

11          MS. LaFRENIERE: Thank you, Your Honor.

12          THE COURT: Okay.  All right.

13      (Whereupon, the proceedings are concluded at 11:24

14 a.m.)

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                       CERTIFICATE OF TRANSCRIBER

5

6

7          I certify that the foregoing is a correct

8    transcript from the digital sound recording of the

9    proceedings in the above-entitled matter.

10

11

12   DATED: January 13, 2011

13

14                       By: /S/ Jo McCall

15

16

17

18

19

20

21

22

23

24

25