REIDUN STRØMSHEIM # 104938
JOANNE LAFRENIERE # 158011
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
jlafreniere@stromsheim.com

Attorneys for Trustee,
JANINA M. HOSKINS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

DEMAS WAI YAN
aka Dennis Yan
SS # xxx xx 5968

Debtor

Case No. 04-33526 TCJH
Chapter 7

Date: October 5, 2012
Time: 9:30 a.m.
Place: 235 Pine Street, 23rd Floor
San Francisco, CA

**RESPONSE OF TRUSTEE TO TONY FU'S MOTION TO REVOKE ABANDONMENT**

Janina M. Hoskins, trustee of the above-referenced bankruptcy estate ("Trustee"), responds to the "Motion to Revoke Abandonment Pursuant to FRCP 60(b)-(d)" (the "Motion") filed by Fu at *ECF No. 494*; as well as the "joinder" therein by Crystal Lei ("Lei") at *ECF No. 492*, which Motion seeks an order revoking "abandonment to Debtor all estate assets including but not limited to the cash in the amount of $175,039."

The motion has no grounding in fact or in law, and must be denied.

First, the surplus was not "abandoned" to the debtor, it was distributed in November 2011 pursuant to 11 U.S.C. 726, after notice and hearing, and after all creditors of the bankruptcy case had been paid in full plus interest, *and* properly-served writs against the surplus had been paid as well. See Order approving Final Account, *ECF No. 488*, and Trustee's Report of Distribution, *ECF No. 490.* The Trustee had no authority to retain surplus funds once she had paid the estate's creditors and the properly-served writs.

Second, Fu and Lei have failed to meet the standards of Rule 60, FRCP, which require that they demonstrate just terms, such as mistake, excusable neglect, newly discovered evidence, or fraud. Fu asserts that certain events were a "fraud on the court" (see ECF No. 494, p. 7-9), or "willful misconduct." None of the events Fu sets forth as "misconduct" on the part of the Trustee or her counsel are correctly characterized, as evidenced by the Order approving Final Account, *ECF No. 488*, and Trustee's Report of Distribution, *ECF No. 490.* The Trustee has acted pursuant to Court order, after notice and a hearing, as to all distributions of estate assets.

Furthermore, until the case closes, no property has been "abandoned" to the debtor, so there is nothing to "revoke," or "technical abandonment" to set aside (an earlier abandonment of certain causes of action *asserted against Fu and Lei*, among others, was vacated, see *ECF No. 461*). Moreover, it is the trustee's understanding that none of the remaining litigation and appeals would result in a *claim* against the *bankruptcy estate*. Thus, under the facts of this case - where all estate creditors have been paid in full plus interest - when this case does close, and any property not excluded from abandonment does pass to the debtor, there would be no grounds to revoke such an abandonment, because without creditors of the *bankruptcy estate*, the trustee would have no purpose for administering estate property.

Fu asserts a list of grievances, but the estate is not a party, nor do these grievances make Fu a creditor of the bankruptcy estate. His grievances are against Demas Yan, the individual, arising from Yan's post-petition actions. To the extent that any money is awarded to Fu, it would be against Yan the individual, not the bankruptcy estate, and Fu (and Lei) must enforce any remedies against the individual.

This Motion is baseless, and should be denied. The Trustee asks that the Court consider requiring Fu and Lei to pay her attorney's fees for having to respond.

DATED: This 20th day of September, 2012.

               STROMSHEIM & ASSOCIATES

                /s/ Joanne LaFreniere
               Attorneys for Trustee,
               JANINA M. HOSKINS

STROMSHEIM & ASSOCIATES   Case: 04-33526   Doc# 497   Filed: 09/21/12   Entered: 09/21/12 16:53:26   Page 2 of 2

2