UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE THOMAS E. CARLSON, JUDGE

In Re:                          ) Case No. 04-33526 TEC
                                ) Chapter 7
DEMAS WAI YAN, aka Dennis Yan,  )
                                )
                Debtor.         ) Friday, October 5, 2012
_____ ) San Francisco, California

Hearing on:

Opposition to trustee's final account and distribution report
(TDR) (re related document[s] 490 chapter 7 Trustee's report of
distribution), filed by Tony Fu; and

Motion and notice of motion, motion to revoke abandonment
pursuant to FRCP 60(b) - (d), filed by Tony Fu.


<u>Appearances</u>:

For Janina M. Hoskins,    Joanne M. LaFreniere, Esq.
Trustee:                  Law Offices of Stromsheim & Associates
                          201 California Street, Suite 350
                          San Francisco, California  94111


For Claimant Crystal      Michael J. Betz, Esq.
Lei:                      Allen Matkins
                          Three Embarcadero Center, 12th Floor
                          San Francisco, California  94111


For Creditor/Movant/      Tony Fu, *pro se*
Claimant Tony Fu:         5813 Geary Boulevard, PMB 188
                          San Francisco, California  94121


Digital Court             United States Bankruptcy Court
Recorder:                 Jane L. Galvani
                          235 Pine Street, 23rd Floor (94104)
                          Post Office Box 7341
                          San Francisco, California  94120-7341
                          (415) 268-2366


Certified Electronic
Transcriber:              Palmer Reporting Services


        Proceedings recorded by digital recording;
 transcript produced by federally-approved transcription service.

1  Friday, October 5, 2012                    9:47 o'clock a.m.

2              P R O C E E D I N G S

3         THE CLERK:  Line Item Number 2, the matter of Demas

4  Wai Yan.

5         MS. LaFRENIERE:  Good morning, Your Honor.  Joanne

6  LaFreniere on behalf of Janina Hoskins, the trustee.

7         MR. FU:  Good morning, Your Honor.  Tony Fu, in *pro*

8  *per*, moving party.

9         MR. BETZ:  Good morning, Your Honor.  Thank you for

10  your time.  Michael Betz for Crystal Lei.

11         THE COURT:  Okay.  We basically have two matters here

12  today.  One has to do with the administration of the estate in

13  the more conventional way, the distribution of proceedings — of

14  proceeds and the conclusion of the case.

15         The other one has to do with yet another lawsuit filed

16  by Mr. Yan.  With respect to the matter, the question in the

17  distribution of proceedings, my review of the record indicates

18  that there was — that Mr. Fu has no allowed claim in the case.

19  The claims that were filed were specifically disallowed.  The

20  Court allowed postpetition judgment creditors to levy on the —

21         MS. LaFRENIERE:  On the surplus.

22         THE COURT:  — distributions to be made to Mr. Yan,

23  and some of the creditors did that.  There's no indication here

24  that Mr. Fu made such an execution effort that was not honored

25  by the trustee.  I don't see what this is about.

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 2 of
13

1    MR. BETZ:  May I approach the —

2    THE COURT:  Well, that's what we have it for.

3    MR. BETZ:  Thanks.  Unless you want me to handle it

4    from the counsel table.

5    The 40,000-foot issue here is that Mr. Yan has filed a

6    number of claims which we urge are prepetition claims.  They

7    have been disallowed.  They have been — the cases have been

8    dismissed, and he continues to appeal them.  And there's one

9    pending appeal still in the Ninth Circuit where he is asserting

10   that he is permitted to sue — make prepetition claims that will

11   affect the estate.

12   THE COURT:  Can I just — what does this have to do

13   with the trustee's distribution?

14   MR. BETZ:  So if he is correct, and the Ninth Circuit

15   allows him to come back and make prepetition claims that will

16   affect — it may affect — in a very long-reaching world, but it

17   may affect the estate.  It may increase the assets that are in

18   the estate.  And there may be cross-claims made against it.

19   THE COURT:  But the money has already been

20   distributed.

21   MR. BETZ:  That's — that's a problem and that's — I

22   think that's the issue for which we are here today.  And I'm

23   trying to answer the question why does this matter, and that is

24   because the estate is not fully settled.  If he wins — which we

25   hope he doesn't, and we don't think he was — this estate may

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 3 of 13

1   become a lot larger.  It may become a lot smaller.  There may be

2   cross-claims that Mr. Fu and Ms. Lei may levy.

3          And it all relates to — if he is correct, it would all

4   relate to the estate.  So we do have a problem that the

5   distributions have been made.  And we respectfully believe we

6   did previously object.  That is the reason we are here today.

7   And I guess the question is what do we do about it then.

8          And I think what we are seeking is an order for the

9   trustee to seek those distributed funds which we think were

10  prematurely distributed from Mr. Yan and put them back in the

11  estate, so long as he wants to continue claims that he said — he

12  said affect the estate.

13          THE COURT:  I'm not sure what claims you're referring

14  to.

15          MR. BETZ:  This dovetails somewhat into the next — the

16  new case that he filed.  And all the claims he says —

17          THE COURT:  You're talking about his lawsuits?

18          MR. BETZ:  Yes.

19          THE COURT:  Mr. Yan's actions —

20          MR. BETZ:  That's correct, yes.

21          THE COURT:  — in which we've — we have held and

22  ordered that the actions that arose prepetition belong to the

23  estate.  And we've expressly ordered that they not be abandoned

24  upon the closing of the case —

25          MR. BETZ:  Yes.

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 4 of
13

1    THE COURT: — so that he can bring those actions.  Now

2    what — what's the status of the appeal of that order?

3    MR. BETZ:  If we had it affirmed, and the District

4    Court is now in the Ninth Circuit.  So that's — we think

5    everything we did was correct, needless to say.  But if for some

6    reason he pulls off an order saying that he can assert all these

7    claims and they're really claims of the estate, and they are

8    very amorphous claims, our concern is that we may be back here

9    for a long time fighting over what those claims are, how they

10   affect the estate, and is there going to be a larger —

11   THE COURT:  Well, if — I think there's only two things

12   that can happen.  Well, there's three things that can happen.

13   One is if the Court of Appeals doesn't uphold the

14   order specifying these claims not be abandoned, then I think a

15   couple different things can happen.  Either they're abandoned —

16   they would be abandoned to the debtor, or the trustee would

17   reopen the case to prosecute them or settle them.  I don't think

18   that's going to happen.  But I don't see how that has anything

19   to do with the distribution of funds.  The trustee has — by

20   distributing the funds, the trustee has taken a major risk here,

21   that the trustee will not have funds left to administer whatever

22   else needs to be done if they wind up reopening the case.

23   So I just don't see how the case should be — how about

24   — because of an appeal which would, if the ruling is overturned,

25   would most likely just yield abandonment of these claims, which

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 5 of 13

1  would mean they'd just be triable only in state court, because

2  it would affect the estate if they're abandoned.

3          MR. BETZ:  I guess the way they could affect the

4  estate — and this is all my hypothetical world — and I apologize

5  for being here on this.  We just want to make sure that we

6  protect our interests, because if the trustee did decide to

7  pursue those and reopen the case, that may give rise to

8  cross-claims against the estate.  And then there would be no

9  surplus money left, if there was — if they prevailed.

10         THE COURT:  If the trustee decides to prosecute them.

11         MR. BETZ:  Um-hum.

12         THE COURT:  Anything you want to say about this?

13         MS. LaFRENIERE:  Your Honor, the —

14         THE COURT:  I don't think the trustee is going to

15  prosecute these particular claims.

16         MS. LaFRENIERE:  The trustee is not going to prosecute

17  any of these claims.  And this is an unusual case because it was

18  a surplus case.  Every claimant in the case has been paid with

19  interest.  There was an opportunity, if the Court recalls, for

20  postpetition claimants who attained writs of attachment to levy

21  on the surplus even before the surplus went back to the debtors.

22         THE COURT:  Right.

23         MS. LaFRENIERE:  The case is fully administered.

24  There is no possibility of any new claims in the estate.  Mr. Fu

25  has no claims in the estate.  And there are no — there would be

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 6 of
13

1   — there would be no reason for the trustee to administer the

2   causes of action, even should they come back to the estate,

3   because there are no claimants.  There are no creditors left to

4   pay.  There's no reason for the estate to be delayed in closing.

5           THE COURT:  Yes.

6           MS. LaFRENIERE:  And there's — there's no controversy

7   that —

8           THE COURT:  Yeah.

9           MS. LaFRENIERE:  — that can result in a claim.

10          THE COURT:  And that all makes sense to me.  You know,

11  I've done what I can here to protect you guys from the

12  predations of Mr. Yan.  And I — it's an unusual act to say that

13  claims won't be abandoned back.  And I think in the memorandum

14  decision I wrote I tried to lay out as forcefully as I could why

15  these claims should never be let loose into the world.

16          And I'm confident that the next Appellate Court will

17  agree with the District Court and with me.  But the — let's just

18  — I'm not going to upset what the trustee did.  The trustee

19  acted according to the Court's instructions at all times.

20          MR. BETZ:  I think —

21          THE COURT:  All right.

22          MR. BETZ:  Mr. Fu wanted to be heard —

23          MR. FU:  Yes.

24          MR. BETZ:  I was going to speak on behalf of Crystal

25  Lei; I apologize.

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 7 of 13

1    THE COURT:  Yeah.  Well, and that has to — yes, okay.

2    MR. FU:  Yeah, Your Honor, I disagree with trustee

3 attorney assessment.  And they are fully and well aware that

4 Demas Yan has been — and continuously disputing Chenery estate,

5 number one.

6    Number two, Your Honor, because I put it in the motion

7 to revoke abandonment on Exhibit A, when Your Honor issued a

8 judgment on the pleading, it specified that I'm entitled to

9 attorney fees and costs and later on award Crystal Lei attorney

10 fees.  And we are waiting because the other day I discussed with

11 Mr. Betz about — about it.  And, I mean, it was a couple —

12 couple — a couple of conversations, because the District Court

13 uphold the bankruptcy cost orders, total about four order.  They

14 are all specify that because Mr. Yan is alleging prepetition

15 claims and they are not allow, and that's the reason, the — the

16 District Court is putting a cap on it.

17    And then Mr. Yan pulled the case to Ninth Circuit.

18 Right now it's pending.  And it's all about Chenery estate.  And

19 I bet one step, it's — Your Honor issue the — the judgment on

20 the pleading and also approved Crystal Lei's motion.  And also

21 later Your Honor issued the order awakening June 15 abandon --

22 2009 order abandoning the prepetition claim and — and all those.

23 It's on the record.  And that we are waiting for the final

24 judgment.  So we are entitled to the fees, because from time to

25 time —

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 8 of
13

1    THE COURT:  Yeah, but they don't — don't come from the

2    estate.  They come from the debtor.  And the point is that we

3    let anybody who had a claim that could be levied upon against

4    the debtor personally, a postpetition claim, to levy upon the

5    distribution.  And the trustee gave people time to do that.  And

6    the trustee waited as long as I instructed the trustee to.  The

7    trustee did what the trustee was asked to do.

8    MR. FU:  No, Your — Your Honor, actually the trustee

9    did not because your order on February 18 memo clearly stating

10   that she not be abandoned to the debtor upon closing of the —

11   the case.  And the trustee did exactly against that, because — I

12   mean they are fully and well aware that they — the dispute and

13   also the — all they —

14   THE COURT:  Okay.  Let me stop you a second.  The

15   order was that — that unprosecuted, unadministered claims not be

16   distributed.  Wasn't that it?

17   MR. FU:  I'm sorry.

18   THE COURT:  The Court didn't say that money would

19   never be distributed to the — to the debtor.  It said claims,

20   causes of action by the estate were not abandoned.

21   MR. FU:  No, Your Honor, you — you —

22   THE COURT:  There's nothing that the trustee did to

23   abandon those, notwithstanding the order.

24   MR. FU:  No, the — the assets should not be abandoned

25   to the — the debtor.  And the asset — the cash, it's the asset.

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 9 of
13

1  And also it — it's the — the key here is that the money

2  supposedly reserve for the conclusion of the dispute about

3  Chenery, Chenery.  This is all about Chenery.  He continuously

4  dispute the — the fairless — I mean the — the final judgments on

5  the — on the Chenery.

6       MS. LaFRENIERE:  Your Honor, if I may.  The order that

7  Mr. Fu is referencing had to do was causes of action.  There's

8  never been anything about the — the proceeds that would change

9  the distribution under the statutes.

10      THE COURT:  The order on February 18th refers to

11  causes of action, not cash.  Now, you know, I remember very

12  specifically dealing with the cash.  And this Court had very

13  frank discussions with everybody, very open discussions, that

14  cash would be distributed, the causes of action wouldn't.  And

15  procedures were set up so that parties who had presently

16  enforceable claims against the debtor and could use a — and who

17  could use the levy process could levy upon the amounts to be

18  distributed.  That clearly contemplates that cash would

19  otherwise be distributed.

20       So this, this motion is not well taken, and it's

21  denied.

22       Now with respect to your next motion, the motion for

23  summary judgment, it does not appear to me that that was

24  properly served, because it wasn't served by mail.  At the time

25  it was filed Mr. Yan was — had not consented to participate in

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 10 of 13

1   service by ECF.  I mean, we have to just set a schedule for

2   this.  He has now filed a paper which I'm going to construe is

3   the consent to service of this.  But we need to set it for

4   another date and set a schedule for that hearing.

5        MR. FU:  Your Honor, if I may — okay, set another day

6   is fine.  But I —

7        THE COURT:  I was going to — what —

8        MR. FU:  I — have you received my reply, because I was

9   informed by the attorney, because I don't have the — the

10  automatic that informs the system that — because I prove in my

11  reply — I have prove Mr. Yan is really — was lying to the Court.

12  And he — he was well aware he receive it, and — and the trustee

13  receive it, and everybody receive it.  And the — the record

14  shows he receive it.  And also —

15       THE COURT:  Was it served?

16       MR. FU:  — Mr. Yan — Mr. Yan —

17       THE COURT:  The trouble with this is that Rule 4 does

18  not recognize email as a method of service, other than where

19  there's consent to be served by ECF by the Court.  It's just —

20  you know, he may get it, but it's not service recognized under

21  Rule 4.  So we just have to reset this.

22       MR. FU:  Okay.

23       THE COURT:  And what I was going to propose is that

24  the Court enter an order requiring written opposition by the

25  19th of October.  You could file any reply by October 26th.  And

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 11 of 13

1   we'd hold a hearing on November 5th.  And I would issue an order

2   setting that schedule now.  Clearly he has appropriate notice of

3   the proceedings at this point.

4               MR. FU:  Okay.  Do I need to reserve him the —

5               THE COURT:  You don't need to do anything more.  The

6   order will take care of that.

7               MR. FU:  Okay.  Okay, great.  Thank you, Your Honor.

8               THE COURT:  Thank you.

9               MS. LaFRENIERE:  Your Honor, so — getting back to the

10  first item, there — there was —

11              THE COURT:  You can issue an order.

12              MS. LaFRENIERE:  Yeah, there — there's two of them.

13              THE COURT:  You can propose an order denying that

14  motion.

15              MS. LaFRENIERE:  Both the — the motion to revoke the

16  abandonment and the objection to the final distribution?

17              THE COURT:  Yes.

18              MS. LaFRENIERE:  Thank you, Your Honor.

19          (Proceedings concluded at 10:04 o'clock a.m.)

20                              —o0o—

21

22

23

24

25

Case: 04-33526   Doc# 520   Filed: 12/13/12   Entered: 12/13/12 15:56:15   Page 12 of 13

State of California                    )
                                       )      SS.
County of San Joaquin                  )


        I, Susan Palmer, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the digital recording provided to me by the United States Bankruptcy Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

        I further certify that I am not a party to nor in any way interested in the outcome of this matter.

        I am a Certified Electronic Reporter and Transcriber by the American Association of Electronic Reporters and Transcribers, Certificate No. 00124.  Palmer Reporting Services is approved by the Administrative Office of the United States Courts to officially prepare transcripts for the U.S. District and Bankruptcy Courts.


                                    Susan Palmer
                                    Palmer Reporting Services

                                    Dated December 12, 2012